IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEREMY GOUDEAU | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-83 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jeremy Godeau, a prisoner currently confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

According to the petition, Petitioner is serving a fifty year sentence for aggravated robbery in Cause No. 11-12314 in the 252nd Criminal District Court of Jefferson County, Texas. Petitioner states he pleaded guilty and was sentence November 7, 2011. Petitioner indicates that he did not file an appeal and did not file a state application for writ of habeas corpus until recently. Petitioner argues the alternative start date under 28 U.S.C. § 2244(d)(1)(D), claiming he has new evidence, in the form of an affidavit from his mother, that he received on or around November 28, 2021. In light of the new evidence, Petitioner states he filed his first state application for writ of habeas corpus

which was denied without written order on the findings of the trial court without a hearing by the Texas Court of Criminal Appeals on August 3, 2022. *Ex parte Goudeau*, WR-93,928-01. While Petitioner does not provide the date he filed his state application for writ of habeas corpus, an independent review of the website for the Texas Court of Criminal Appeals reveals the state writ was received on July 8, 2022.[1] Petitioner filed the above-referenced petition for writ of habeas corpus on January 20, 2023, the date he certifies he placed the petition in the prison mailing system.

### The Petition

Petitioner argues the following points of error:

1. Newly received evidence (affidavit of "Urica Y. McCall Norman") supports Petitioner's contention that his plea was not freely, knowingly, or intelligently entered, but was induced by his trial counsel's misrepresentation on the promise of probation;

2. Newly received evidence (Affidavit of "Urica Y. McCall Norman") supports Petitioner's contention that his plea was not freely, knowingly, or voluntarily entered, but was enduced [sic] by counsel's coercing him into pleading guilty to charged elements he did not commit; hence, demonstrating his innocence.

3. Newly received evidence (Affidavit of "Urica Y. McCall Norman") supports Petitioner's assertion that had his counsel perfect [sic] an adequate investigation on his mental dispositioning [sic] (drug use) on date of the offense, counsel would have presented favorable mitigation evidence during his punishment phase.

Original Petition, pgs. 6-7 (doc. # 1).

---

[1] https://search.txcourts.gov/Case.aspx?cn=WR-93,928-01&coa=coscca

Analysis

*Statute of Limitations*

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1218, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one year period is calculated from the latest of either (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d) (1)(A)-(D).

Ordinarily, the one-year limitation period starts to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, because Petitioner did not file an appeal, the state court conviction became final on December 8, 2011, thirty days after the sentence was imposed. TEX. R. APP. P. 26.2(a)(1). Because Petitioner's federal petition was not filed until January 20, 2023, a literal application of § 2244(d)(1)(A) means the federal petition is over ten years too late. And while

Petitioner filed a state application for writ of habeas corpus, it was not filed until July 8, 2022, well past the December 8, 2012 deadline. As such, the state application fails to toll the federal filing deadline. It is well settled that a document filed in state court after the limitations has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, the statutory tolling provision does not save the federal petition.

*Alternative Start Date*

Petitioner argues the alternative start date under 28 U.S.C. § 2244(d)(1)(D), stating he did not discover new evidence of ineffective assistance of counsel until his mother provided the above-referenced affidavit signed November 28, 2021. In the affidavit, Petitioner's mother states:

> My name is Urica Y. McCall-Norman, I am the Mother of "Jeremy Goudeau". I am of sound mind and am fully competent to make this affidavit in reference of His legal matters. In support thereof. I state the following:
>
> I.
>
> ### THE PROMISE OF PROBATION
>
> On or around late July. In early August 2011, I had a conversation with my son, Jeremy Goudeau while visiting him in the Jefferson County Jail in Beaumont, TX. During our visit, Jeremy and I discussed the recent conversation he had with his court-appointed attorney, Scott Renick. Jeremy expressed hope after he was advised by Mr. Renick that he was working on a plea agreement where probation would be on the table. The way it was explained is that the agreement would be offering Jeremy probation since he had no priors. The agreement was starting at probation and ranges up to 50 years in prison. Jeremy stated that although the agreement included the possibility of prison time that probation should be the end result based on a meeting with court officials. The attorney that was appointed to serve in my son's best interest presented this deal counseling against a jury trial. I felt that this was presented in an effort of expediency to wrap up the case. The way it was explained was that there was no need for a jury trial since probation was to be a foregone conclusion.
>
> I recall wanting to get confirmation from Jeremy that signing this plea deal was the way he wanted to handle his legal situation. After speaking with the attorney, he

responded, "my attorney told me that I should have no problem getting the probation that was offered". Jeremy seemed optimistic although the agreement specified probation up to 50 years. He was led to believe that he would be walking out of the courtroom with probation after reassurance that the agreement was favorable to his best interest.

There was little follow-up with his attorney leading up to the sentencing hearing. I tried to reach out to the attorney a few times leading up to the hearing but found I was met with no success. This led to the already uneasy feeling I had with my son entering into a plea agreement. Jeremy was led by a legal professional placed in a position of trust that he would be given probation. It also added a sense of unease when we learned that the judge in his case had a history sentencing on the higher end of the guidelines with cases involving young people of color. This same just was later involved in an abuse of official power case of his own.

II.

### ALTERED MINDSET ON DATE OF OFFENSE

While in society, my Son had a history of abusing drugs and following the wrong crowd of individuals; As a matter of fact! He inform [sic] me and His attorney that he was high on drugs on the date of the alleged offense. However, Mr. Renick responded by telling him that it was irrelevant.

III.

### SUFFICIENT INVESTIGATION NOT CONDUCTED

My Son did not have and/or use a weapon on anyone on the date of his alleged offense. I truly feel that had Mr. Renick perfected a reliable investigation on the case prior to having my son plead guilty to a charge he did not commit. He (Mr. Renick) would have discovered these facts and pushed for a reduced charge offense; and

IV.

### UNCONSTITUTIONAL CONVICTION

To my knowledge, my son never waived his rights to trial on indictment, and once again, I feel that Mr. Renick should have done something about this before having him plead guilty.

Original Petition, Affidavit, pgs. 11-12 (doc. # 1).

Regardless of when Petitioner states he discovered this evidence, the factual predicate provision of the statute of limitations runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." 28 U.S.C. § 2244(d)(1)(D); *see In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). It is irrelevant when Petitioner received the affidavit from his mother. It matters when Petitioner first knew of, or, through the exercise of due diligence, could have discovered "the vital or principal facts underlying [the] claims" supported by the affidavit. *Vega v. Stephens*, No. 3:14-CV-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015). All of the claims of ineffective assistance of counsel now asserted by Petitioner in this petition and in the affidavit provided by his mother could have, through the exercise of due diligence, been discovered at the time of his plea and sentence. The simple fact is Petitioner cannot meet this burden because the factual predicate underlying the claims presented here were discoverable through the exercise of due diligence, or were in fact discovered, well before the one-year deadline to file the § 2254 petition.

Petitioner is also not entitled to equitable tolling. No "extraordinary circumstance" prevented Petitioner from asserting the claims he now brings in this § 2254 petition. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). The burden is Petitioner's to show "rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" in federal court. *Montes v. United States*, No. 3:13-CV-1936-K, 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted). Petitioner

has not met his burden.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibit annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (stating that the district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent to file an unnecessary answer). Consequently, the petition is time-barred and the court should summarily dismiss this action under Rule 4.

## Recommendation

Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed with prejudice as time-barred.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 27th day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE