| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JEREMY GOUDEAU, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:23-CV-83 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Jeremy Goudeau, an inmate currently confined at the Connally Unit with the Texas Department of Criminal Justice, Correctional Institution Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (#4). Petitioner filed objections to the Report and Recommendation (#9). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommended dismissing this case as time-barred under the alternate start date of November 28, 2021, when Petitioner claims he received newly discovered evidence in the form of an affidavit provided by his mother. *See* 28 U.S.C. § 2244(d)(1)(D). While Petitioner argued he did not discover this new evidence of ineffective assistance of counsel until his mother provided the affidavit, the magistrate judge noted that regardless of when Petitioner states he discovered this evidence, "the factual predicate provision of the statute of limitations runs from 'the date a petitioner is on notice of the facts which would support a claim, not the date on

which the petitioner has in his possession evidence to support his claim.'" Report, pg. 4 (quoting 28 U.S.C. § 2244(d)(1)(D) and citing *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015)). The factual predicate of the underlying claims of ineffective assistance of counsel were discoverable by Petitioner through the exercise of due diligence, or were in fact actually discovered by Petitioner, well before the one-year deadline to file this petition. Contrary to Petitioner's assertion, he did not need an affidavit to support claims of ineffective assistance of counsel as to his plea bargain agreement in this habeas petition. Furthermore, ignorance of the law is not sufficient to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling).

To the extent Petitioner asserts actual innocence and a miscarriage of justice, any such claim fails. In *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013), the Supreme Court held that tenable claims of actual innocence serve as a gateway through which a petitioner may pass, allowing underlying constitutional claims to be considered despite being raised outside the statute of limitations. However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298 (1995), and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual

innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399-400. Ultimately, "[t]he miscarriage of justice exception . . . applies to a severely confined category" of otherwise untimely claims. *Id*. at 395.

Petitioner's plea of guilty inherently defeats his ability to make the showing of actual innocence required here. Indeed, some circuits have held a guilty plea forecloses a petitioner from arguing actual innocence to extend the statutory time period under *McQuiggin*. *Jackson v. United States*, 2013 WL 5295701, *3 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375, *3 (C.D. Ill. Aug. 8, 2013) ("Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence."); *United States v. Cunningham*, 2013 WL 3899335, n.3 (S.D. Tex. July 27, 2013) ("[B]ecause Cunningham pled guilty, and has made no showing of actual innocence, the actual innocence 'gateway' for allowing consideration of otherwise time-barred claims . . . is not available in this case") (citing *McQuiggin*). In the present case, Petitioner's evidence of innocence is insufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the newly presented evidence, especially in light of Petitioner's guilty plea. *Schlup*, 513 U.S. at 327. Petitioner has simply failed to establish actual innocence to overcome the procedural bar.

Furthermore, the Court is of the opinion that Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial

of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. A certificate of appealability will not be issued.

According, Petitioner's Objections (#9) are **OVERRULED** and the Report and Recommendation of the United States Magistrate judge (#4) is **ADOPTED**. A Certificate of Appealability will not issue and a Final Judgment will be entered in accordance with the recommendations of the magistrate judge.

SIGNED at Beaumont, Texas, this 11th day of October, 2023.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE